UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YUSEF ALLEN,

    Petitioner,

v.

CHARLES WARREN,

    Respondent.

Civ. No. 13-4304 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Yusef Allen, is a state prisoner currently incarcerated at the New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Allen has requested a stay of these proceedings so that he can exhaust three unresolved claims in the state courts. For the following reasons, the request for a stay will be denied and the Respondent will be ordered to answer the original habeas petition.

## II. BACKGROUND

Mr. Allen challenges his 1999 state conviction for first-degree murder, second-degree possession of a weapon for an unlawful purpose and third-degree unlawful possession of a weapon. He raises the following claims in his petition:

1. The prosecutor transgressed all limits of propriety throughout the entire trial, denying the defendant his federal and state constitutional right to a fair trial.

2. The trial court erred in failing to grant a judgment of acquittal as no reasonable jury could have found that the State had proven its case beyond a reasonable doubt based on the admissible evidence.

3. Defendant was denied his right to a fair trial and his right to due process of law when the trial court denied his motion for a mistrial.

4. Defendant was denied his Sixth Amendment right to effective assistance of trial counsel: (A) Defense counsel failed to accept a mistrial after the trial court had conceded to granting defendant's request for a mistrial after numerous prejudicial events had transpired at trial; (B) Counsel failed to investigate and call as a witness, Mr. John Korman, who would have testified that defendant was not the person he saw shoot Mr. Lannie Silver; (C) Counsel failed to request a mistrial for the Brady violation; and (D) Counsel failed to call an expert witness to testify to the effects cocaine can have on a person's perception.

5. Defendant was denied effective assistance of appellate counsel guaranteed by the Sixth Amendment of the United States Constitution.

6. The jury's general verdict of murder must be vacated because one of the predicates for conviction (knowingly causing serious bodily injury, which resulted in death) is indistinguishable from the conduct proscribed by the statute defining aggravated and reckless manslaughter.

7. The prosecutor's misconduct was so heinous it violated defendant's federal and state right to a fair trial.

8. An evidentiary hearing should be granted to determine the effect of the newly discovered evidence.

9. Trial attorney was ineffective in not bringing in a witness to show effects of cocaine on a person's ability to perceive.

10. Defendant was deprived of the effective assistance of trial, appellate and post-conviction relief counsels.

11. The court misapplied the applicable legal standards in denying post-conviction relief based upon newly discovered evidence because the defendant satisfied his burden to show a probability that a new jury would find him not guilty of murder.

12. The order denying post-conviction relief should be reversed and the defendant's convictions vacated because trial counsel's failure to accept the trial court's offer of a mistrial as a result of the prosecutor's misconduct satisfied the first prong of the Strickland/Fritz test for ineffective assistance of counsel, and the ensuing prejudice to the defendant satisfied the second prong of the test, and appellate counsel was ineffective in failing to raise this issue on appeal.

13. The order denying post-conviction relief should be reversed because the court's refusal to recuse itself denied defendant his right to a fairly conducted PCR hearing.

14. The trial court's ruling that defendant was not deprived of his Sixth Amendment right to effective assistance of counsel and undivided loyalties was not supported by sufficient credible evidence in the record, and constituted an abuse of discretion, therefore, the decision should be vacated and the warranted relief should be entered.

15. The post-conviction court abused its discretion and applied an erroneous standard of review when addressing the new trial motion claim for which his case was remanded by the Appellate Division.

16. Defendant was subjected to ineffective assistance of counsel on remand and a conflict of interest by divided loyalties by counsel's failure to consult with defendant, and to address the claims defendant wished to have addressed deprived defendant of a fair hearing.

17. Newly discovered evidence reveals that the state's chief witness, Ruby Waller, knowingly lied at defendant's trial, therefore, the defendant's conviction should be reversed.

18. The motion court misapplied its discretion in denying post-conviction relief because it failed to consider the impact that the newly discovered evidence had on the integrity of the defendant's conviction.

19. The post-conviction court abused its discretion and misapplied the law and the facts during the newly discovered evidence hearing and improperly denied defendant's motion for a new trial, thereby violating his rights to due process of law and a fair trial guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Paragraph 10 of the New Jersey Constitution.

The petition states that state remedies have been exhausted as to those nineteen claims.

On August 20, 2013, I gave Mr. Allen the required notice pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). Mr. Allen was given forty-five days to advise me whether he wished to have his petition ruled upon as is or to withdraw his pending petition so that he could file a new habeas petition that included all of his claims.

On September 30, 2013, Mr. Allen responded to the *Mason* notice requesting a stay. Mr. Allen stated that:

4

> This is a written and signed response requesting a stay, so that I may return to the lower courts to exhaust claims that are unresolved. The claims are the following:
>
> 1. The Prosecutor committed misconduct by withholding clearly exculpatory evidence from the Grand Jury and aiding the State's chief witness in giving false testimony to the Grand Jury, thereby violating Defendant's right to due process of law and the right to a fair trial as guaranteed the Sixth and Fourteenth Amendments of the United States Constitution and Article 1 Paragraph 10 of the New Jersey Constitution.
> 2. The Defendant was denied his right to the effective assistance of trial, appellate and PCR counsels, due process of law and the right to a fair trial as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article 1 Paragraph 10 of the New Jersey Constitution.

(Dkt. No. 3.)

On March 24, 2014, I issued an order reserving judgment on Mr. Allen's request for a stay. I gave Mr. Allen thirty days in which to inform me whether he sought to drop the two new claims and proceed with the nineteen claims in his original habeas petition or whether he sought to stay the entire petition so that he could pursue his two new claims in state court. I further noted that if Mr. Allen sought a stay, his submission needed to establish: "(i) good cause for his failure to raise the two additional claims before; (ii) that the two additional claims have factual and legal merit; and (iii) that he is not engaging in intentional dilatory litigation tactics." (Dkt. No. 5 at p. 1.) I further explained to Mr. Allen that if he sought a stay but it was denied, that I would proceed on the nineteen claims brought in his original habeas petition unless he stated otherwise. (*See id.* at p. 2.)

On April 3, 2014, Mr. Allen filed his response to my March 24, 2014 Order. Mr. Allen reiterates his request for a stay. Furthermore, in addition to the two new claims he raised in his September 30, 2013 filing, Mr. Allen also seeks a stay so he can exhaust a third claim

(apparently considered to be distinct from those raised in the original federal habeas petition): that "[t]he prosecutor committed Brady violation by withholding prior convictions of the state's chief witness, thereby violating defendant's right to due process of law and the Fourteenth Amendment of the United States Constitution and Article 1 Paragraph 10 of the New Jersey Constitution." (Dkt. No. 6 at p. 1.) Mr. Allen made no statement in his April 3, 2014 filing as to his preferences if his request for a stay is denied.

### III. DISCUSSION

A state prisoner applying for a writ of habeas corpus under § 2254 in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982). A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief proceedings. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (announcing the rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Recognizing the complexities that face prisoners who must exhaust state remedies while complying with the one-year statute of limitations period for § 2254 habeas petitions as set out in

§ 2244(d)(1)[1], the United States Court of Appeals for the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible way to avoid barring from federal court a petitioner who timely files a mixed petition [containing both exhausted and unexhausted claims]." *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). Indeed, the Third Circuit has stated that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Id.* at 154. Since *Crews*, the United States Supreme Court has explained when a stay should be issued; specifically:

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court

---

[1] Section 2244(d) states as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

7

> determines that there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. . . .
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (internal citations omitted).

It appears that Mr. Allen has, at best, exhausted state remedies as to the original nineteen claims, but not as to the three newly asserted claims. This is therefore a "mixed" petition. The clear sense of *Rhines* is that, unless its requirements for a stay are met, such a petition may go forward as to the exhausted claims only. In my prior order, I gave Mr. Allen a second chance to establish such good cause, and specifically stated that he would have to explain how his request meets the three *Rhines* requirements: (1) good cause for failure to exhaust; (2) substantive merit; (3) no dilatory tactics.

Mr. Allen's response contains no showing or argument as to the *Rhines* requirements. His request for a stay must be denied. He proffers no "good cause" for his failure to pursue his state remedies as to the three unexhausted claims. Indeed, in response to my last order, he has simply re-listed two of those claims and added the third, with no further explanation. Additionally, Mr. Allen proffers no showing that his three new claims have factual and legal merit; again, he simply lists them. As to dilatory tactics, it is impossible to make a determination, because the delay is unexplained. On such a record, *Rhines* and *Crews* would not permit the grant of a stay.

I noted in my March 24, 2014 Order that if the request for a stay is denied that I would proceed on Mr. Allen's original habeas petition unless he stated otherwise. Mr. Allen's April 3, 2014 submission does not state otherwise, I shall therefore move forward with screening the nineteen claims in the original habeas petition.

Upon review of these claims, I have concluded that they are not so lacking in merit that I will order immediate dismissal of the petition. I will order the defendants to answer and provide a copy of the relevant items in the record. *See* Rule 4 of Rules Governing 28 U.S.C. § 2254 Cases.

## IV. CONCLUSION

For the foregoing reasons, Mr. Allen's request for a stay of this proceeding will be denied and the Respondent shall be ordered to file an answer to the original habeas petition. An appropriate order will be entered.

**DATED**: April 4, 2014

**KEVIN MCNULTY**
**United States District Judge**

9